FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 APR 18 A 10: 22

CLERK_____
SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

BRAJA SMITH,

             Plaintiff,

      v.                                   **CIVIL ACTION NO.: CV612-107**

BRIAN OWENS; BRUCE CHATMAN;
LARRY BRUTON; STEVE UPTON;
JOHN PAUL; and WINDELL FOWLER,

             Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. Defendants filed a Motion to Dismiss, to which Plaintiff responded.[1] For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff alleges that he has been classified as a "close security inmate" and, as a result, has been placed "on indefinate [sic] 24 hour lockdown with a cellmate." (Doc. No. 3, p. 5). Plaintiff provides numerous examples of the conditions in "lockdown". (Id.). Plaintiff alleges that all named Defendants are responsible for his placement in lockdown because Defendants implemented a policy to place close security inmates on

---

[1] Plaintiff sent a copy of his Response to Defendants' counsel on April 2, 2013. (Doc. No. 21-1, p. 16). However, Plaintiff failed to file a copy of his Response with the Court. Nevertheless, as Defendants' counsel attached Plaintiff's Response to the Notice of Intent to file a Reply, the undersigned has considered Plaintiff's Response. Defendants' Reply would not change the undersigned's recommendation and is not necessary.

indefinite lockdown with a cellmate "under the guise of administrative segregation." (Id.).

Defendants contend that Plaintiff cannot sustain his money damages claims against them in their official capacities. Defendants aver that Plaintiff sets forth nothing more than conclusory allegations against them. Defendants also aver that they are entitled to qualified immunity.

## STANDARD OF REVIEW

Under a Rule 12(b)(6) motion to dismiss, a court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the

AO 72A
(Rev. 8/82)

elements of a cause of action, supported by mere conclusory statements," are insufficient. <u>Id.</u>

## DISCUSSION AND CITATION TO AUTHORITY

### I.      Official Capacity Claims

A lawsuit against prison officials in their official capacities is no different from a suit against the government itself; such defendants are immune. <u>Smith v. Fla. Dep't of Corr.</u>, 318 F. App'x 726, 728 (11th Cir. 2008) (citing <u>Powell v. Barrett</u>, 496 F.3d 1288, 1308 & n.27 (11th Cir. 2007)). Plaintiff's monetary damages claims for alleged constitutional violations against the Defendants in their official capacities would be claims against the State of Georgia and are barred. This portion of Defendants' Motion should be **granted**.

### II.      Due Process Claim

Defendants contend that Plaintiff fails to identify a constitutionally protected liberty interest to which due process protections apply. Defendants assert that, while Plaintiff is unhappy that he is housed at Georgia State Prison, he asserts nothing which suggests that his housing assignment as a "close security" inmate implicates a protected liberty interest. Defendants also assert that Plaintiff's various allegations do not amount to a dramatic departure from his ordinary conditions of confinement such that he suffers an atypical and significant hardship. Defendants state that Plaintiff fails to allege any facts showing that he was confined in conditions harsher than inmates in close management status.

A plaintiff states a cognizable claim for relief under § 1983 if his complaint alleges facts showing that his rights, as secured by the Constitution and the laws of the

AO 72A
(Rev. 8/82)

United States, were violated by a person acting under color of law. Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005). An inmate, one who has already been deprived of liberty, can be deprived further of his liberty, such that due process is required, when (1) a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court, or (2) when the government has consistently bestowed a certain benefit to prisoners, usually through statute or administrative policy, and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Kirby v. Siegelman, 195 F.3d 1285, 1290-91 (11th Cir. 1999) (citing Sandin v. Conner, 515 U.S. 472, 484 (1995)). There is no liberty interest, and therefore no constitutional violation, "if the Sandin atypical and significant hardship standard" is not met. Magluta v. Samples, 375 F.3d 1269, 1282 (11th Cir. 2004).

A review of Plaintiff's Complaint, as amended, reveals that Plaintiff does not assert a viable due process claim. Plaintiff has not shown the plausibility that his placement as a close security inmate imposes an atypical and significant hardship on him. Moulds v. Bullard, 452 F. App'x 851, 855 n.1 (11th Cir. 2011) (quoting Magluta for the assertion that there is no liberty interest and no constitutional violation if the Sandin atypical and significant hardship standard were not met). Rather, Plaintiff sets forth conclusory allegations regarding the conditions of his confinement. The undersigned recognizes Plaintiff's Response to Defendants' Motion; however, Plaintiff sets forth nothing more than bare assertions that there are "hardships placed on close security inmates . . . [which] exceed[ ] the sentence imposed by the court." (Doc. No. 21-1, p. 6). Because Plaintiff has not shown that Defendants violated his constitutional right to

AO 72A
(Rev. 8/82)

due process, he has failed to state a claim against Defendants under section 1983. Plaintiff's Complaint should be dismissed.

## III.    Respondeat Superior[2]

Defendants assert that Plaintiff makes no factual allegations which link the alleged constitutional violation to the actions of the Defendants.  Instead, Defendants contend, Plaintiff makes a general allegation that Defendants Chatham, Paul, Bruton, Fowler, and Upton implemented a policy of housing close security inmates on indefinite lockdown with a cellmate under the guise of administrative segregation.  Defendants also contend that Plaintiff generally asserts Defendants Chatham, Paul, Bruton, Fowler, and Upton implemented this policy at the behest of Defendant Owens.

In section 1983 actions, liability must be based on something more than a theory of respondeat superior.  Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998).  A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations.  Id. at 802.  "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

---

[2] The undersigned addresses Defendants' respondeat superior discussion out of an abundance of caution.  It is evident that Plaintiff fails to state a viable due process claim and even more evident that he seeks to hold Defendants' liable based on their supervisory positions alone.

AO 72A
(Rev. 8/82)

For purposes of this case, Plaintiff must allege sufficient facts which would make it plausible that Defendants implemented a policy and that that policy was the driving force behind the actions about which Plaintiff complains. A "policy" is a "decision that is officially adopted . . . or created by an official of such rank that he or she could be said to be acting on behalf of" the governmental entity. Whittier v. City of Sunrise, 395 F. App'x 648, 650 (11th Cir. 2010) (citing Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997)).

Plaintiff makes nothing more than a general allegation that Defendants violated his constitutional rights and that there existed an official policy which motivated the actions about which he complains. It is evident Plaintiff seeks to hold Defendants liable based solely on their supervisory positions either at Georgia State Prison or, in the case of Defendant Owens, with the Georgia Department of Corrections. Plaintiff fails to state a plausible claim that Defendants are liable for the alleged violations of his constitutional rights based on their actions. Plaintiff's general and conclusory allegations to the contrary are insufficient to support his claims against Defendants. Plaintiff makes slightly less general assertions in his Response to the Defendants' Motion, but these assertions do not rise above the level of plausibility to sustain his cause of action against Defendants.

It is unnecessary to address the remaining portions of Defendants' Motion.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

SO REPORTED and RECOMMENDED, this __18th__ day of April, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)